IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WAYNE ASBURY MITCHELL #273602 | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. GLR-13-1783 |
| JOHN WOLFE, WARDEN OF JCI | * | |
| Respondent | * | |

\* \* \*

**MEMORANDUM OPINION**

Respondent moves to dismiss Wayne Asbury Mitchell's ("Mitchell") Petition for a writ of habeas corpus as time-barred pursuant to 28 U.S.C. § 2244(d).  (ECF No. 4).  Mitchell has responded, arguing his case should be deemed equitably tolled because he has proceeded without counsel and is unfamiliar with the law.  (ECF No. 6).  After reviewing the papers, the Court finds no need for an evidentiary hearing.  See 5C West's Fed. Forms, District Courts-Criminal § 95:1, Rule 8(a) (5th ed. 2014); see also 28 U.S.C. § 2254(e)(2).  For reasons set forth herein, the Court shall dismiss the Petition with prejudice as time-barred.

**Procedural History**

On September 13, 2002, Mitchell was convicted in the Circuit Court for Baltimore City of two counts of first-degree murder, two counts of attempted first-degree murder, and other related offenses.  (ECF Nos. 4-1, 4-2, 4-3).  On November 19, 2002, he was sentenced to life in prison without the possibility of parole.  (ECF No. 4-3).  A motion for modification of sentence, filed on January 9, 2003, was denied on February 3, 2003.  (ECF Nos. 4-1, 4-2).  On May 27, 2005, the Court of Special Appeals of Maryland affirmed Mitchell's judgment of conviction in an unreported opinion.  (ECF No. 4-3).  Further review was denied by the Court of Appeals of Maryland on October 4, 2005.  (ECF No. 4-4).  Mitchell did not seek certiorari review in the

United States Supreme Court. (Pet. at 3, ECF No. 1). His judgment of conviction became final for the purpose of direct appeal on Tuesday, January 3, 2006, when the time for seeking certiorari review expired.[1]

On February 15, 2012, Mitchell filed a petition for post-conviction relief in the Circuit Court for Baltimore City. (ECF Nos. 4-1, 4-2). Post-conviction relief was denied on October 3, 2012. (ECF Nos. 1, 4-1, 4-2). Mitchell's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals of Maryland on June 11, 2013, and the court's mandate issued on July 12, 2013. (ECF No. 4-5).

**Analysis**

It is not disputed that within one year of completing state post-conviction review, Mitchell filed the instant federal action, dated June 15, 2013. (Pet. at 7, ECF No. 1). That diligence, however, does not defeat Respondents' argument concerning the one-year limitations period.

A one-year statute of limitations applies to habeas petitions. 28 U.S.C. § 2244(d). The one-year period begins to run on the date the judgment became final by the conclusion of direct review or, if no appeal is taken, upon the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Here, the period began to run on January 3, 2006, and expired one year later, on January 3, 2007. Clearly, Mitchell has failed to seek federal habeas corpus relief in a timely manner. He presents no grounds to support an argument that the limitations period should be statutorily tolled in his favor.

Mitchell does claim that he is entitled to equitable tolling of the one-year limitations period because he is unfamiliar with the law. He also indicates his post-conviction attorney told

---

[1] See Sup. Ct. Rule 13.1 (petition for certiorari to be filed within 90 days of date of judgment from which appeal is sought).

him his one-year limitations period began to run after the Court of Special Appeals rendered its decision on the application for leave to appeal the denial of post-conviction relief.

In order to be entitled to equitable tolling, Mitchell must establish that either some wrongful conduct by Respondent contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay.  See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.  Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Mitchell from timely completing post-conviction relief.  No objective reason for delaying his post-conviction petition for more than six years after completing his direct appeal is provided.[2]  To the extent delay in completing post-conviction review might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling.  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Mitchell has failed to satisfy his burden of demonstrating that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.  For the reasons stated herein, the Court will deny and dismiss the Petition.  A certificate of appealability will not issue because

---

[2] In his Reply, Mitchell states that he relied on his post-conviction counsel's explanation that he would have one year following the completion of post-conviction remedies to seek federal habeas corpus relief.  Post-conviction counsel's advice that the one-year limitations period would begin to run again after completion of post-conviction review is not incorrect; in any event, the one-year limitations period had expired long before post-conviction review was initiated.  As a result, this ground for equitable tolling fails.

Mitchell has not made a "substantial showing of the denial of a constitutional right."[3] A separate order follows.

September 17, 2014                                           /s/
                                                       _____
                                                       George L. Russell, III
                                                       United States District Judge

---

[3] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)). Denial of a certificate of appealability in the district court does not preclude Mitchell from requesting a certificate of appealability from the appellate court.